UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY COCHRUN, | CIV. 08-4186 |
| Petitioner, | |
| -vs- | REPORT and RECOMMENDATION |
| BOB DOOLEY, Warden, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Larry Cochrun, an inmate at the Mike Durfee State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, an Application to Proceed in Forma Pauperis and a Motion for Appointment of Counsel.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated February November 29, 2006.

## BACKGROUND

Petitioner was convicted of three counts of aggravated assault and sentenced on August 28, 2006, to 15 years imprisonment with 5 years suspended. Petitioner's conviction was affirmed by the South Dakota Supreme Court on September 4, 2007. See Doc. 1, Exhibit B. He then filed a petition for certiorari to the United States Supreme Court which was denied on March 3, 2008. See Doc. 1, Exhibit D. Petitioner did not file a state habeas corpus petition. See Doc. 1, Question 10.

## DISCUSSION

Petitioner's § 2254 claim must be dismissed. Federal review of Petitioner's claims is premature because Petitioner's claims have not been exhausted at the State level.

South Dakota law provides an avenue for habeas corpus relief. See SDCL Chapter 21. Prisoners may file their petitions first in the Circuit Court where their conviction occurred (SDCL § 21-27-14.1). The South Dakota Supreme Court reviews final state habeas judgments or orders

upon the issuance of a certificate of probable cause.  See SDCL § 21-27-18.1.  If no certificate of probable cause is issued by the Circuit Court, the prisoner may file a separate motion with the South Dakota Supreme Court requesting the certificate directly from the Supreme Court.  Id.

As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) quoting Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982).  "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).  A strong presumption exists to require a prisoner to exhaust his state remedies, and the exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  Mellott, 63 F.3d at 785.  In Mellott, the Eighth Circuit found the prisoner's assertion of a seventeen month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

The Petitioner bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion.  Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).  Petitioner has not made either showing.  Petitioner has not exhausted his state remedies, because he has not pursued a state habeas claim .  Neither has he made a showing of exceptional circumstances.  This federal habeas claim, therefore, is premature. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. Id.  Petitioner is also advised of the one year limitation period which applies to § 2254 habeas corpus applications.  28 U.S.C. § 2244(d)(1) and (2) provide:

> **(d)(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## RECOMMENDATION

The face of Petitioner's § 2254 application indicates he has not pursued a state habeas action. His available state habeas remedies, therefore, are not exhausted pursuant to the requirements of 28 U.S.C. § 2254(b)(1)(A). It is respectfully recommended to the District Court:

(1) It appears from the prison records that the current balance of his prisoner account is $84.80. Accordingly, Petitioner's motion to proceed in forma pauperis (Doc. 2) should be GRANTED and Petitioner shall pay the $5.00 filing fee to the Clerk of Court on or before January 12, 2009.

(2) Petitioner's Motion for Appointment of Counsel (Doc. 4) should be DENIED.

(3) Petitioner's § 2254 Application for Writ of Habeas Corpus should be DISMISSED without prejudice.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is

obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)

Nash v. Black, 781 F.2d 665 (8th Cir. 1986)

Dated this 5th day of December, 2008.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge